## A91A0253. ALFARO v. THE STATE.
(406 SE2d 86)

BANKE, Presiding Judge.

The appellant was convicted of speeding and possessing cocaine. He contends on appeal that the evidence was insufficient to support the possession conviction and that the trial court erred in admitting certain evidence to which he had objected on relevancy grounds.

While driving southbound on Interstate 75 in a rented car, the appellant was stopped by a Georgia State trooper for speeding. At the trooper's request, the appellant produced his driver's license and the rental agreement for the vehicle. As he was completing the citation, the trooper questioned the appellant concerning his itinerary and the reason for his journey; and the appellant responded that he had driven to Atlanta from Miami two days earlier to visit a sick aunt and was in the process of returning to Miami. The trooper then questioned a passenger who was accompanying the appellant in the vehi-

cle, and she told him that she and the appellant had been in Atlanta visiting friends. The trooper thereupon asked the appellant if he was carrying any illegal substances, weapons, or large amounts of cash; and the appellant responded that he was not. He then consented to a search of the vehicle. After searching the passenger compartment, the trooper removed a locked briefcase from the trunk and opened it with the appellant's assistance. Inside, he found $35,000 in currency. The appellant was arrested at this time; and after complying with a request by the trooper to follow him to a police station, he consented to a further search of the vehicle. During this second search, a handgun was seized from inside a suit bag and some "very small flakes of cocaine," weighing less than ½ gram, were found on the rear seat and floorboard of the vehicle. Both the appellant and the passenger were charged with possession of cocaine, but the trial judge directed a verdict of acquittal in favor of the passenger. *Held:*

1. The appellant contends that the trial court erred in admitting the handgun, currency and briefcase over his objection as to relevancy. This contention is without merit. " ' "[T]he manner of the arrest, how [the defendant] was armed, . . . and all other circumstances connected with the arrest, [is] consider[ed] proper evidence to be submitted to the jury to be weighed by them for what they are worth." [Cit.]' " *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974).

2. The evidence was sufficient to support the conviction. In the absence of evidence or circumstances giving rise to a contrary inference, it may be inferred that the driver or other person in possession or control of an automobile is in knowing possession of all that is contained therein. See *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988). Besides being in possession and control of the vehicle, the appellant in this case was in possession of a handgun and a large amount of currency. We believe the jury could reasonably have inferred from this evidence, and from his false denial that he was carrying the latter items, that he was aware of the presence of the cocaine found in the vehicle. In addition, there was evidence that two drug detector dogs had "alerted" to his briefcase, indicating that it, too, had contained drugs at one time. See generally *Smith v. State*, 188 Ga. App. 415 (373 SE2d 97) (1988); *Jones v. State*, 242 Ga. 893 (252 SE2d 394) (1979). Viewing the evidence in the light most favorable to the verdict, we find that it was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of possession of cocaine. Accord *Reed v. State*, supra. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

Decided April 30, 1991 —
Rehearing denied May 28, 1991.

*Dodd & Turner, Roger J. Dodd, Brian L. Howell*, for appellant.
*H. Lamar Cole, District Attorney, Catherine D. Helms, Assistant District Attorney*, for appellee.