A91A1255. CARSWELL v. THE STATE.
(412 SE2d 572)

POPE, Judge.

Appellant/defendant Robert Carswell appeals from his conviction for possession of cocaine with intent to distribute. Construed so as to support the verdict, the evidence adduced at trial showed that Officer Martin Ursetti, a member of the Macon-Bibb County Drug and Vice Unit, acting on a tip from an informant that drugs were in a particular car, stopped the car driven by defendant. The car came to rest on the up-slope of a hill. A woman named Pamela Moore was seated in the front passenger's seat when the car was stopped. Ursetti approached the driver's side of the stopped car and asked the defendant for a driver's license. Defendant responded that he did not have his driver's license. Ursetti asked defendant for his name, and defendant identified himself as Calvin Carswell, which is defendant's brother's name. The officer then called the radio room and asked them to run a check to see if defendant had a valid driver's license and if there were any outstanding warrants for his arrest.

Approximately three to four minutes elapsed between the time defendant's car was first stopped and when Ursetti returned to the car. Ursetti then informed defendant that he intended to search the vehicle for cocaine. At that time the defendant started making motions toward the floorboard, where the transmission was located. The defendant told Ursetti that the brakes were failing on his vehicle and that he could not get it to stop. The car rolled down the hill. Ursetti testified that there was a lot of movement within the vehicle while it was rolling. After the vehicle came to rest at the bottom of the hill, the officer moved the vehicle and both the regular brakes and the parking brake appeared to operate normally. Suspecting that the defendant had identified himself falsely, Ursetti called another officer to the scene who Ursetti thought would know Calvin Carswell. This of-

ficer identified the defendant as Robert Carswell not Calvin Carswell. The defendant was then placed under arrest for giving the officer a false name.

Defendant was searched and a hand-held calculator was removed from his jacket pocket. Inside the calculator case, the officer found two razor blades, one in the original wrapper bearing the name brand Treet and the other in a matchbook.

A pat-down search of the passenger was also conducted. When it was noticed that she had a conspicuous bulge in the lower abdominal area, a female officer was called to search her. The search by the female officer revealed a pill bottle located in the passenger's crotch area, which contained 13 pieces of crack cocaine and a wrapper for a razor blade bearing the name brand Treet. Moore was also arrested. Both defendant and Moore were indicted for jointly possessing cocaine with intent to distribute, and defendant was indicted for giving a false name. Moore pleaded guilty to possessing cocaine with intent to distribute. Defendant was convicted of both charges, but only appeals from his conviction for possession of cocaine with intent to distribute.

Defendant argues that the trial court erred in denying his motion for directed verdict of acquittal, because the circumstantial evidence connecting Carswell to the cocaine found in Moore's clothing is insufficient to support a verdict of guilty. "As a general rule a motion for directed verdict of acquittal should be granted only where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. [Cit.] However, the proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the 'reasonable doubt' test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]; *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) [(1984)]." *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889) (1991).

"Possession may be joint or exclusive, and actual or constructive. [Cits.]" *Sanders v. State*, 199 Ga. App. 671, 672 (2) (405 SE2d 727) (1991). As a general rule, when "drugs are found in the 'immediate presence' of the defendant, the jury is authorized to find they are 'in the constructive possession' of the accused. [Cits.]" Id. " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6. Whether this burden has been met is a question for the jury, and its determination will not be disturbed unless the verdict is [i]nsupportable as a matter of law. [Cit.]" *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989).

Defendant contends that the only connection between the cocaine found in Moore's clothing and him was that she was a passenger

in his car. He correctly argues that a finding of constructive possession must be based upon something more than mere "spatial proximity." *Shirley v. State*, 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983).

Our review of the transcript in this case leads us to conclude that the trial court correctly denied defendant's motion for directed verdict of acquittal. The arresting officer testified that there was considerable movement in defendant's vehicle as it rolled down the hill. Defendant did not present any evidence to refute that testimony. Construing the evidence in the light most favorable to the verdict, the jury could have concluded that defendant used the ruse of brake failure to transfer the contraband to Moore or to allow her to retrieve the drugs from the passenger compartment of the car and place them in an area of her clothing that would not normally be searched by male police officers. Furthermore, the razor blade wrapper found with the contraband bore the same brand as the razor blade in its original package found in defendant's calculator case. The jury could have deduced that it was the original wrapper for the unwrapped razor blade defendant was carrying. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. Accord *Alfaro v. State*, 199 Ga. App. 761, 762 (2) (406 SE2d 86) (1991); see generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in refusing to direct a verdict of acquittal in favor of defendant since there was more than spatial proximity connecting the defendant to the contraband. *Ellis v. State*, 164 Ga. App. 366, 371 (11) (296 SE2d 726) (1982); cf. *Murrell v. State*, 200 Ga. App. 231, 232 (407 SE2d 460) (1991) (holding that there was insufficient evidence to support the jury's determination that defendant had *actual* possession of the contraband found in his sister's purse); *Crenshaw v. State*, 183 Ga. App. 527 (1) (359 SE2d 419) (1987) (no evidence connecting defendant with cocaine found strapped to the body of a man who was presumably defendant's travelling companion).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 5, 1991.

*Buford D. Hunnicutt*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.