A98A0003, A98A0004. EVANS v. THE STATE (two cases).
(503 SE2d 344)

Judge Harold R. Banke.

Michael Evans, Jr. and William Jabreel Evans, Jr. were charged with three counts of aggravated assault with intent to rob. After a joint trial, they were each convicted on one count and both received twenty-year sentences. In total, they enumerate five errors on appeal.

One evening while Michael Evans, William Evans, and two co-defendants, Cornandais Head and Howard Weems, were sitting around the house, they decided to rob a convenience store. Michael Evans mentioned a store he had been watching which would be easy to rob. He suggested that William Evans wait in the getaway car while he and the others robbed the store. After William Evans obtained guns from his father's gun cabinet and some masks, he drove the others to the store. The plan was for Head and Weems to enter the store first, with Michael Evans behind them.

However, only Weems and Head entered the store. As they did, Weems announced that this was a stickup, ordered the two customers to the floor, and pointed a gun at them. Head remained by the door, pointing a gun at the manager. Once the customers obeyed, Weems pointed his gun at the manager and fired. Just at that moment, the manager leaned down, reaching for the money. The bullet pierced some glass just above his stooped head. The manager responded by pulling a pistol from under the counter, returning fire, and setting off the alarm.

Weems was wounded in the neck. He made it back to the car, and William Evans dropped him off at the hospital. The police apprehended Weems shortly thereafter, and he gave a statement which did not implicate Michael or William Evans.

As Michael Evans and Head ran from the store, an off-duty police corporal who heard the gunshots and the ensuing police dispatch noticed them running and stopped them. He asked them what was going on, and Michael Evans answered that they were out for a walk. The corporal radioed their whereabouts to a sergeant on duty, who proceeded to that location. When Michael Evans and Head saw the patrol car, they ran into the woods.

The police captured Head that night. Head gave a statement which did not implicate Michael or William Evans. The corporal identified Michael from a high school yearbook. Both Head and Weems pleaded guilty and testified against the Evanses at trial. The jury acquitted the Evanses of aggravated assault with intent to rob the two customers. *Held*:

1. Michael Evans maintains that the trial court's failure to charge that flight from the police is not sufficient to support a crimi-

nal conviction requires reversal. The court gave the pattern charges on mere presence and mere association. Because these instructions covered the same relevant principles of law as the requested charge, we find no harm or error in the trial court's decision. *Griffin v. State*, 228 Ga. App. 200, 204 (3) (491 SE2d 437) (1997). Moreover, the charge was not adjusted to the facts. See *Duncan v. State*, 213 Ga. App. 394, 397 (6) (444 SE2d 583) (1994). The evidence showed that Michael Evans did more than merely flee. He planned the offense and suggested the target. See *Alexander v. State*, 247 Ga. 780, 783-784 (2) (279 SE2d 691) (1981), overruled on other grounds, *Edge v. State*, 261 Ga. 865, 867 (414 SE2d 463) (1992).

2. The Evanses both argue that the trial court erred by failing to charge the jury on impeachment of a witness by showing bias or interest. The instruction given on credibility fully covered the concept of the jury's right and responsibility to determine whether a witness' impartiality was tainted by any interest, bias or prejudice. *Jordan v. State*, 172 Ga. App. 496, 500 (7) (323 SE2d 657) (1984). The trial court essentially tracked the pattern charge, instructing the jury, among other things, that they could consider a witness' "interest or lack of interest" in the case. We find no error.

3. We must reject the appellants' contention that reversal is required because the trial court denied their motions for directed verdicts of acquittal on the charges of aggravated assault with intent to rob the two customers. They offer no legal authority for their novel argument that defending those charges detracted from their ability to defend on the charge related to the store manager. Nor have we found any. In light of the success of their effort before the jury and the fact that the two offenses turned on a question of intent, we decline to find that they demonstrated the requisite harm. See *Tucker v. State*, 225 Ga. App. 757, 759 (4) (484 SE2d 793) (1997).

4. Michael and William Evans maintain that the trial court erred by failing to order the State to provide a taped statement Weems made at the time of his arrest. The record shows that the State provided defense counsel with a written transcript of the taped statement. Just prior to trial, defense counsel requested the tape, and the State admitted that it could not be found. The trial court resolved the issue by directing the State to provide the tape if it was found. Defense counsel did not object to this ruling.

Litigants cannot submit to rulings and then cite them as error on appeal. *Morris v. State*, 226 Ga. App. 535, 539 (3) (488 SE2d 685) (1997). They are required to stand their ground and fight in order to successfully enumerate as error a purportedly erroneous ruling. Id. at 539-540. The error is therefore waived. Moreover, inasmuch as the State provided a written transcript of the statement, no harm arose from the alleged error. See *Herndon v. State*, 229 Ga. App. 457 (3)

(494 SE2d 262) (1997).

5. The trial court did not err in denying Michael Evans' pretrial request to depose the victims after they refused to talk with his counsel. Although counsel had a right to interview the victims prior to trial, this right was subject to the victims' acquiescence in such interrogation. *Sears v. State*, 182 Ga. App. 480, 483 (9) (356 SE2d 72) (1987). Because " '[n]o broad right of discovery exists . . . in criminal cases,' " the extant avenues for conducting such discovery are legislatively based. Id. The General Assembly has prohibited trial courts from ordering depositions in criminal cases except in several specific situations, none of which is applicable here. OCGA § 24-10-130 (b).

*Judgments affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 25, 1998 — 

*Michael B. King*, for appellant (case no. A98A0003).
*Sharon D. Bundrage*, for appellant (case no. A98A0004).
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.