A08A2286. DRISCOLL v. THE STATE.

(670 SE2d 824)

ELLINGTON, Judge.

A Cobb County jury found Jennifer Driscoll guilty of possession of methamphetamine with intent to distribute, OCGA § 16-13-30 (b); possession of methadone, OCGA § 16-13-30 (b); possession of a firearm during the commission of a crime, OCGA § 16-11-106 (b) (4); possession of a firearm by a first offender probationer, OCGA § 16-11-131 (b); and driving with a suspended license, OCGA § 40-5-121 (a). Driscoll appeals from the order denying her motion for new trial, contending the court erred in denying her motion to suppress and that the evidence was insufficient to support her firearm convictions and her conviction for possession of methamphetamine with intent to distribute. Finding no error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's

verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following.

At about 2:00 a.m. on October 22, 2005, a Cobb County police officer stopped the car Jennifer Driscoll was driving because the tag light was out and because a check of the license tag revealed that the car was uninsured. Driscoll told the officer her license had been suspended, and the officer confirmed that fact. The officer noticed that Driscoll's passenger, Samuel Whaley, was unusually nervous and clasped a bag beneath his legs. A check of Whaley's identification revealed that he was on parole. The officer asked for and received consent from Whaley to search his bag. The officer found, hidden in a compartment at the bottom of the bag, a loaded .38 revolver. The officer arrested Whaley for violating his parole, and Driscoll for the traffic offenses. Incident to her arrest, a female officer searched Driscoll's person. Incident to Driscoll's and Whaley's arrest, and because the car was to be impounded, the police searched the interior of the car.

Beneath the passenger seat, the officer found an unloaded handgun in a Crown Royal bag. Behind the driver's seat, the officer found a black bag containing a can of shaving cream. The can had a false bottom, and when the officer opened it, he discovered almost 14 grams of methamphetamine and various pills, including methadone. The officer testified that the amount of methamphetamine was too large for personal use, and that the way it and the pills were individually packaged in small plastic bags indicated that they were for sale. Inside the center console, the officer found a digital scale of the type commonly used in the illegal drug trade. The officer also searched Driscoll's purse and found two prescription pill bottles. One bottle had Driscoll's name on it and contained carisoprodol. The other bottle, which was missing its label, contained a variety of pills, including dilaudid, methadone, methadose, morphine, and diazepam. Many of pills in the second bottle were of the same kind found in plastic bags inside the shaving cream can.

Samuel Whaley, who pleaded guilty to the charges against him and was sentenced prior to trial, testified that he and Driscoll had an agreement where he gave her methamphetamine and she traded it for prescription pills. He testified that the pills and methamphetamine found in Driscoll's car belonged to them both. He testified that he possessed the loaded .38 revolver, that he used it for his safety in the drug trade, and that Driscoll knew he carried it. Whaley also claimed ownership of the gun in the Crown Royal bag found under his seat. He testified that, although he kept the weapons concealed, he assumed Driscoll was aware of their presence in the car. Finally,

the State introduced evidence that Driscoll was on probation as a first offender for possession of methamphetamine.

(a) Driscoll contends the State failed to adduce sufficient evidence of her intent to distribute methamphetamine. "To support a conviction for possession with intent to distribute, OCGA § 16-13-30 (b), the state is required to prove more than mere possession." (Footnote omitted.) *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005). The State must demonstrate that the defendant intended to sell or distribute the contraband in his or her possession. The prosecution may show such intent in a number of ways, including "the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citation and punctuation omitted.) *Talbot v. State*, 261 Ga. App. 12, 13 (1) (581 SE2d 669) (2003).

In the instant case, Driscoll possessed almost 14 grams of methamphetamine. The methamphetamine was packaged in small plastic bags. The police also found other illegal drugs, a digital scale, and handguns in the car. Whaley testified that he and Driscoll jointly possessed the drugs, that they planned to trade the methamphetamine for prescription drugs, and that he possessed the handguns for protection while conducting the drug trade. Further, an experienced police officer opined[1] that the amount of methamphetamine and the way it was packaged in separate, small bags indicated that Driscoll intended to sell it. This evidence was sufficient to prove Driscoll's intent to distribute the methamphetamine she possessed beyond a reasonable doubt. See *Helton v. State*, 271 Ga. App. at 275-276 (b).

(b) Driscoll challenges both of her firearms convictions on the ground that the evidence failed to show that she knew that Whaley's guns were in the car that night. OCGA § 16-11-106 (b) (4) provides:

> Any person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit: . . . [a]ny crime involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute

---

[1] Driscoll contends that because the officer was not tendered as an expert, his testimony should not have been considered. Driscoll, however, failed to object on this basis at trial. Consequently she waived any objection to the officer rendering opinions without being qualified as an expert. *Clark v. State*, 248 Ga. App. 88, 91 (3) (545 SE2d 637) (2001).

any controlled substance[,] and which crime is a felony, commits a felony.

The evidence shows that two handguns were in the car with Driscoll that night, and that they were within her arm's reach. The jury was authorized to infer that Driscoll was aware of their presence that night based upon Whaley's testimony that Driscoll knew he carried guns for protection while in the drug trade, a trade in which Driscoll actively participated. See *Lopez v. State*, 259 Ga. App. 720, 722 (1) (578 SE2d 304) (2003) (the jury was authorized to infer that the defendants jointly possessed a handgun to protect their illegal drug trade). Moreover, because Whaley was also within arm's reach of two handguns during the commission of the felony drug offenses, Driscoll is guilty of Whaley's handgun possession offenses as a party to the crime. *Victrum v. State*, 203 Ga. App. 377, 379-380 (3) (416 SE2d 740) (1992) (a defendant may be convicted of possession of a firearm during the commission of a crime on the ground that he or she is a party or aider or abettor to the offense); OCGA § 16-2-20 (parties to a crime). And, finally, the same evidence is sufficient to show that Driscoll, a first offender probationer, jointly and constructively possessed the weapons in violation of OCGA § 16-11-131 (b).[2] See *Simpson v. State*, 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994) (circumstantial evidence held sufficient to show that defendant, a convicted felon, was in joint constructive possession of a shotgun his brother transported but that the defendant pawned).

2. Driscoll contends the court erred in denying her motion to suppress the evidence seized from her car. She argues that the officers illegally searched Whaley's bag and her car.

While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. While we recognize that a trial court's ruling frequently involves a mixed question of fact and law, such is not the case in the instant appeal. Accordingly, we will conduct a de novo review of the trial court's ruling.

(Citation, punctuation and footnote omitted.) *State v. Underwood,*

---

[2] OCGA § 16-11-131 (b) provides, in relevant part: "Any person who is on probation as a felony first offender . . . and who receives, possesses, or transports any firearm commits a felony."

283 Ga. 498, 500-501 (661 SE2d 529) (2008).

Driscoll has no standing to challenge the legality of the officer's search of Whaley's bag because she had no privacy interest in it. See *Robinson v. State*, 226 Ga. App. 406, 408-409 (2) (486 SE2d 667) (1997) (absent evidence of a privacy interest in the thing searched, defendant has no standing to object to search). Also, after both Driscoll and Whaley were arrested, the police were authorized to search the interior of the car, including closed containers inside the passenger compartment, both as a search incident to the arrest and pursuant to impounding the uninsured car. See *State v. Howard*, 264 Ga. App. 691, 693-694 (592 SE2d 88) (2003) (police authorized to impound and search defendant's car as it was uninsured and because defendant had been placed under arrest). Consequently, the trial court did not err in denying Driscoll's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 26, 2008.

Lee W. Fitzpatrick, for appellant.

Patrick H. Head, District Attorney, Lynne G. Voelker, Amelia G. Pray, Assistant District Attorneys, for appellee.