A09A1301. COCHRAN v. THE STATE.
(684 SE2d 136)

BERNES, Judge.

A Gordon County jury found Jeffrey Lamont Cochran guilty of possession of marijuana with the intent to distribute and possession of more than one ounce of marijuana. On appeal, Cochran contends that the evidence was insufficient to support his convictions and that the trial court erred in failing to give his requested charges on mere presence and accomplice testimony. For the reasons set forth below, we disagree and affirm.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt.

(Footnote omitted.) *Oliveres v. State*, 292 Ga. App. 460, 461 (664 SE2d 836) (2008).

So viewed, the evidence shows that on the afternoon of May 6,

2008, a Georgia State Patrol master trooper saw a car make a "drastic lane change" on Interstate 75, signaling only after crossing halfway from the center lane to the outside right lane. The officer activated his blue lights and stopped the vehicle for a traffic violation. Cochran was sitting in the front passenger seat and the car was driven by his girlfriend, Paige Cunningham, with whom Cochran had a five-year intimate relationship.

When the officer approached the passenger's side of the car he recognized the odor of raw marijuana, with which he was familiar through both training and numerous investigations. The officer testified that someone standing at his vantage point outside the vehicle "would . . . be able to smell and know there was something strange coming from inside."

The officer asked Cunningham for her driver's license and asked her to step to the back of the vehicle. She told the officer that she had left Ohio the evening before and had driven to College Park to visit her mother. She displayed a rental agreement showing that she had rented the vehicle the previous day. Cunningham was on a return route to Ohio, and she agreed when the officer commented it was a "quick turnaround trip." She stated that she was tired and had been consuming the "energy" drink that the trooper noticed on the driver's side door.

After calling for backup, the officer informed Cunningham that the odor of raw marijuana was coming from the vehicle, and when he asked if she had any marijuana inside, she responded "I'm not really sure." He directed Cochran to get out of the car, and a subsequent search of the trunk revealed four nylon or plastic bags which had been placed in the fender well behind a cardboard covering. The officer recognized that the bags contained hydroponic marijuana, which he described as having a bigger bud and an odor three times stronger than "regular" marijuana. After discovering the suspected contraband, the officer placed Cochran and Cunningham under arrest.

Cochran and Cunningham were jointly indicted for the crimes of possession of marijuana and possession of marijuana with intent to distribute. At trial, Cunningham testified that she asked Cochran to accompany her on the trip to Georgia to help her stay awake. According to Cunningham, she wanted to begin the trip at 10:00 p.m., but Cochran took the rental car for several hours without explanation. Cunningham further testified that they left Ohio at 4:00 a.m. and arrived at her mother's house in College Park at approximately 11:30 a.m., but there was no answer at the door. She also claimed that they then went to her cousin's house so that she could take a nap, and they began the drive back to Ohio at approximately 3:30 p.m. The trooper pulled her over an hour later.

According to Cunningham, she gave the keys to the rented car to Cochran before her nap, but she did not know if he left her cousin's house while she was asleep. She denied knowing anything about the marijuana. Cochran chose not to testify.

Counsel stipulated to the chain of custody and the admission of a written evaluation of the contraband seized from the car. According to the report of the testing officer, the substance tested positive for marijuana and weighed 1,792 grams. The jury found Cochran and Cunningham guilty on both counts.

1. (a) Cochran contends the only evidence that he possessed the marijuana hidden in the rear quarter panel of the rental car was his presence as a passenger, which was insufficient to support his conviction for possession of marijuana with intent to distribute.[1] We disagree.

> Possession of contraband may be actual or constructive. Moreover, joint constructive possession with another will sustain a conviction for possession of contraband. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.

(Citation omitted.) *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002).

Cochran and Cunningham were both charged with the crime of possession with intent to distribute the marijuana. Accordingly, the state was not required to show that Cochran was in sole constructive possession of the marijuana. See *Warren*, 254 Ga. App. at 54 (1). Rather, the state could establish the element of possession by showing that Cochran and Cunningham were in joint constructive

---

[1] Cochran also argues that the evidence was insufficient to convict him of possession of more than an ounce of marijuana, but the trial court merged the possession count into the possession with intent to distribute count for purposes of sentencing. "We need not consider an enumeration of error which addresses the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment." (Citation and punctuation omitted.) *Nelson v. State*, 277 Ga. App. 92, 96 (1) (b) (625 SE2d 465) (2005).

possession of the contraband.[2] See *Vines v. State*, 296 Ga. App. 543, 546 (1) (675 SE2d 260) (2009).

"A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where . . . the contraband is hidden." *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997). Here, the record shows that although the marijuana was hidden, its presence was manifested by an odor that would have been noticeable by anyone inside the vehicle. Even without showing that Cochran would necessarily recognize the smell of raw marijuana, the odor "allows an inference that, combined with other evidence, could show a connection between the defendant and the contraband." *Vines*, 296 Ga. App. at 546 (1). Such evidence was present here.

The officer testified that it was a "[p]retty regular" occurrence, based on his experience in hundreds of marijuana-related stops on the interstate, for persons to move large quantities of illegal drugs in rented vehicles. Cochran and Cunningham drove to Georgia from Ohio in a rented car and then almost immediately began the drive back. Cunningham admitted during her testimony that although the ostensible purpose of the trip was to visit her mother, the visit never happened. What did happen was that shortly after arriving in Georgia, Cochran and Cunningham headed back to Ohio with a large quantity of marijuana. Although he was a passenger, Cochran was not on a relatively short distance ride with an acquaintance. Compare *Mitchell*, supra, 268 Ga. at 592 (driver picked up defendant to go to a cookout). He was on a long distance journey with a person with whom he had a five-year intimate relationship. See, e.g., *Vines*, 296 Ga. App. at 546 (1) (evidence connecting defendant to drugs found in the car included his joint living arrangement with the other defendants). Further, the evidence that Cochran and Cunningham had both controlled the car, and thus had access to the trunk of the vehicle, was consistent with their joint constructive possession of the contraband. *Castillo v. State*, 166 Ga. App. 817, 822 (2) (305 SE2d 629) (1983) ("By showing circumstantially that each of the defendants had equal access to the drugs, the state was able to support its theory that all of the defendants were parties to the crime and thus guilty of joint constructive possession of the drugs").

Although circumstantial, the evidence was sufficient to demonstrate Cochran's power and intent to exercise control over the marijuana. "[T]o warrant a conviction on circumstantial evidence, the proved facts need exclude only reasonable hypotheses — not bare

---

[2] The evidence showed that neither Cochran nor Cunningham was in actual possession of the marijuana.

possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Citations, punctuation and emphasis omitted.) *Prather v. State*, 293 Ga. App. 312, 313 (1) (667 SE2d 113) (2008). Given the unusual odor in the car, that the stated purpose of the trip was never accomplished, that Cochran had previously exercised control over the vehicle, and in light of Cochran's relationship to the only other occupant of the car, the jury was entitled to exclude as a reasonable hypothesis that Cochran was merely an innocent passenger and that Cunningham was in sole possession of the marijuana. See *Vines*, 296 Ga. App. at 546-547 (1). Rather, any rational trier of fact could have found beyond a reasonable doubt that Cochran and Cunningham were in joint constructive possession of the marijuana.

(b) Cochran argues that even if the evidence was sufficient to show possession, the evidence was insufficient to demonstrate his intent to distribute the contraband. We disagree.

The state is required to prove more than mere possession to support a conviction for possession with intent to distribute. "The [s]tate must demonstrate that the defendant intended to sell or distribute the contraband in his or her possession." *Driscoll v. State*, 295 Ga. App. 5, 7 (1) (a) (670 SE2d 824) (2008). The prosecution may prove intent in a number of ways, including "expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citation and punctuation omitted.) Id.

Here, although he was not expressly admitted as an expert, the state laid a foundation for the arresting officer's opinion testimony by eliciting testimony as to his experience and training in drug enforcement. See *Daniels v. State*, 278 Ga. App. 263, 267 (2) (628 SE2d 684) (2006). The officer then opined, without objection, that based on his experience, the packaging and amount of marijuana seized in this case was more consistent with distribution than with personal use, and that it would take "a long time, a long time" for a user to ingest the quantity of marijuana found in the car. "[T]he trial judge tacitly or impliedly accepted the witness as an expert when he allowed the detective to testify as to his opinions in the area of marijuana possession and distribution." (Punctuation omitted.) *Hughes v. State*, 297 Ga. App. 217, 218 (676 SE2d 852) (2009). In light of the officer's testimony and the amount of contraband seized, the evidence was sufficient for any rational trier of fact to find beyond a reasonable doubt that Cochran was guilty of possession of marijuana with intent to distribute. See *Daniels*, 278 Ga. App. at 267 (2).

2. Cochran claims the trial court erred in failing to give his written request to charge that "merely showing that a Defendant

was a passenger in a vehicle in which drugs were found will not authorize you to find him guilty of possessing those drugs or of any crime in which possession is an element." We disagree.

The trial court declined to give the requested charge because it was adequately covered in the charge as a whole. The trial court charged the jury that "[m]ere spatial proximity to an item alone would be insufficient to establish beyond a reasonable doubt that a person had constructive possession of that item," and that the state had to prove beyond a reasonable doubt the defendant's knowing participation in the commission of the alleged offense. The trial court further charged the jury on the principles of actual, constructive, sole and joint possession. "Because these instructions covered the same relevant principles of law as the requested charge, we find no harm or error in the trial court's decision." *Evans v. State*, 233 Ga. App. 85, 86 (1) (503 SE2d 344) (1998).

3. Cochran contends the trial court erred in failing to give his written request to charge the jury that while the testimony of a single witness is generally sufficient to establish a fact, the testimony of an accomplice alone is not sufficient to warrant a conviction. As a rule, "it is not error to fail to give a charge on corroboration of accomplices where the [s]tate relies upon other evidence . . . apart from the accomplice's testimony." (Citation and punctuation omitted.) *Fleming v. State*, 269 Ga. 245, 247 (2) (497 SE2d 211) (1998). It is questionable whether Cunningham provided accomplice's testimony inasmuch as she testified in her own defense, not for the state, and she denied knowing that there was any marijuana in the car or about any plans to hide marijuana in the car. Pretermitting whether Cunningham might nevertheless be characterized as an accomplice, the state did not rely on Cunningham's testimony alone to show Cochran's guilt, and the trial court did not err in failing to give the requested charge. Id.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 2009.

*Benjamin A. Davis, Jr.*, for appellant.
*T. Joseph Campbell, District Attorney, Elizabeth M. York, Assistant District Attorney*, for appellee.