### A10A0893. BORING v. THE STATE.
(694 SE2d 157)

BLACKBURN, Presiding Judge.

Following a jury trial, Jackie Boring was convicted on one count each of possession of methamphetamine,[1] possession of marijuana with intent to distribute,[2] unlawful possession of alprazolam,[3] and

---

possession of drug-related objects.[4] He appeals his convictions and the denial of his motion for new trial, challenging the sufficiency of the evidence supporting his conviction on the offense of possession of marijuana with intent to distribute and arguing that the trial court erred by failing to adequately instruct the jury on that same offense. For the reasons set forth below, we affirm.

1. We first address Boring's contention that the evidence was insufficient to support his conviction on the charge of possession of marijuana with intent to distribute. "On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Boring] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[5] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[6]

So viewed, the record shows that around 10:30 p.m. on May 31, 2007, Maria Dominguez heard someone outside her home and opened her front door to find Boring, whom she did not know, on her front porch. Boring, who was carrying a small black bag, appeared frightened and asked to use Dominguez's telephone to call for help, claiming that someone was chasing him and trying to steal from him. A moment later, another man, whom Dominguez also did not know, charged onto Dominguez's porch and began trying to beat Boring with a large stick. As the two men struggled, Dominguez screamed that she had called the police, at which point the man with the stick stopped hitting Boring and left Dominguez's property. Boring then asked Dominguez to telephone a friend for him, but instead, Dominguez telephoned her husband, who, in turn, called the police to report the incident.

A few minutes later a sheriff's deputy and Dominguez's husband arrived at Dominguez's home. As they arrived, Boring walked around to the side of Dominguez's home and then returned back to the front of the home with his black bag no longer in hand. Boring informed the deputy that he knew his attacker and wanted to press charges. After the deputy began taking Boring's statement concerning the night's events, Dominguez's husband approached them, informed the deputy that Boring had left a small black bag near the side of his house, and showed the deputy where it had been dropped.

---

[4] OCGA § 16-13-32.2 (a).

[5] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Although the bag had a small lock on it, the deputy was able to open part of it enough to see that it contained Boring's identification and a number of blue pills. Believing that Boring was illegally possessing a controlled substance, the deputy arrested him. At the station, another deputy searched Boring and found a key to the lock on Boring's black bag. Inside the bag, the deputies found alprazolam (the blue pills), several small plastic bags of suspected marijuana, a small bag of white powder suspected to be methamphetamine, digital scales, a syringe, a razor blade, and $297 in cash.

Consequently, Boring was indicted on one count each of possession of methamphetamine, possession of marijuana with intent to distribute, unlawful possession of alprazolam, and possession of drug-related objects. At trial, Dominguez, her husband, and the arresting deputy testified regarding their encounter with Boring. Another deputy testified that he tested two of the plastic bags of suspected marijuana and that his tests confirmed that the substance in the bags consisted, in fact, of over seven grams of marijuana. In addition, a GBI forensic chemist testified that the white powder found in Boring's bag tested positive as methamphetamine and that the blue pills were alprazolam. Finally, a sheriff's deputy with over three years of experience investigating narcotics cases opined that the fact that Boring possessed digital scales and over seven grams of marijuana packaged in separate, small plastic bags indicated that Boring was selling the marijuana. At the trial's conclusion, the jury found Boring guilty on all charges. A few years later, after obtaining permission to pursue an out-of-time appeal, Boring filed a motion for new trial, which the trial court denied. This appeal followed.

Boring contends that the evidence was insufficient to support his conviction of possession of marijuana with intent to distribute. Specifically, he argues that the State did not prove his intent to distribute the marijuana beyond a reasonable doubt. We disagree.

Under OCGA § 16-13-30 (j) (1), "[i]t is unlawful for any person to . . . possess with intent to distribute marijuana." To support a conviction for possession with intent to distribute, the State is required to prove more than mere possession. *Helton v. State*.[7] "The [S]tate must demonstrate that the defendant intended to sell or distribute the contraband in his or her possession." (Punctuation omitted.) *Cochran v. State*.[8]

> The prosecution may show such intent in a number of ways, including the packaging of the contraband, possession of

---

[7] *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005).
[8] *Cochran v. State*, 300 Ga. App. 92, 96 (1) (b) (684 SE2d 136) (2009).

certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use.

(Punctuation omitted.) *Driscoll v. State*.[9] However, "[n]o bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute." (Punctuation omitted.) *Cotton v. State*.[10]

Here, as previously noted, a deputy with more than three years of experience in the sheriff's department's narcotics division testified, without objection, that the packaging and amount of marijuana, as well as the digital scales, seized from Boring's black bag indicated that Boring was selling the marijuana. Although the deputy was not expressly admitted as an expert, Boring failed to object on this basis at trial and thus has waived any objection to the deputy rendering such opinions. See *Driscoll*, supra, 295 Ga. App. at 7 (1) (a), n. 1. Furthermore, the State laid a foundation for the deputy's opinion testimony by eliciting testimony as to his experience and training in narcotics investigations. See *Cotton*, supra, 300 Ga. App. at 877; *Cochran*, supra, 300 Ga. App. at 96 (1) (b). Given the deputy's testimony and the amount of marijuana in Boring's possession, the evidence was sufficient for the jury to find beyond a reasonable doubt that Boring was guilty of possession of marijuana with intent to distribute. See *Cotton*, supra, 300 Ga. App. at 877; *Cochran*, supra, 300 Ga. App. at 96 (1) (b).

2. Boring contends that the trial court erred in failing to adequately instruct the jury on possession with intent to distribute. Specifically, he argues that the jury instructions were inadequate because the court did not define "intent to distribute." We disagree.

At trial, the court instructed the jury on the count of possession of marijuana with intent to distribute as follows: "The offense charged in Count Two of this indictment is violation of the Georgia Controlled Substances Act, which provides that it is unlawful for any person to possess with intent to distribute any quantity of marijuana, which is a controlled substance." Citing *Torres v. State*,[11] Boring argues that this charge was inadequate because it did not define "intent to distribute," and thus it did not inform the jury about the manner in which the offense could be committed. However, after the trial court concluded its jury instructions, Boring specifi-

---

[9] *Driscoll v. State*, 295 Ga. App. 5, 7 (1) (a) (670 SE2d 824) (2008).
[10] *Cotton v. State*, 300 Ga. App. 874, 876 (686 SE2d 805) (2009).
[11] *Torres v. State*, 298 Ga. App. 158 (679 SE2d 757) (2009).

cally stated that he had no objections to them. OCGA § 17-8-58 (b)[12] precludes appellate review of challenges to the jury charge where the criminal defendant has failed to object in accordance with subsection (a) of that statute, which requires a defendant to inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. *Metz v. State.*[13] Accordingly, Boring has waived any claims of error regarding the jury charges. See *Blankenship v. State;*[14] *Vaughn v. State.*[15]

Although OCGA § 17-8-58 (b) allows a criminal defendant to nevertheless challenge on appeal an unobjected-to charge that is "plain error which affects substantial rights of the parties," the court's charge on possession with intent to distribute in this case does not fall into such category. Here, the court charged the jury on the meaning of "intent" and the different types of drug possession. A charge was also given on drug possession as a lesser included offense of the possession with the intent to distribute. "Even though there was no specific instruction regarding the intent to distribute, this Court has held that the term distribute . . . possesses only the ordinary and common dictionary meaning and, as such, does not need to be specifically defined in a jury charge." (Punctuation omitted.) *Bowman v. State.*[16] See *Watkins v. State.*[17] "Therefore, this Court finds no error in the failure to specifically charge the jury with a definition of 'intent to distribute.' " *Bowman,* supra, 222 Ga. App. at 898 (3).

Nevertheless, Boring argues that our decision in *Torres,* supra, 298 Ga. App. at 160 (2), in which we found that the trial court's instructions failed to adequately inform the jury about the manner in which the offense of trafficking in methamphetamine or the offense of possessing methamphetamine with intent to distribute may be committed, implicitly overruled *Bowman* and *Watkins.* Again, we disagree. In *Torres,* the inadequacy of the court's jury instructions stemmed from the fact that the court failed to explain to the jury the difference between trafficking and possession with intent to distribute — two charges that may appear similar to the average juror — in a case where the defendant was indicted on both charges. Supra, 298 Ga. App. at 159-160 (2). However, Boring was not charged with trafficking, and thus, the prospect of confusing the

---

[12] The trial of this case occurred in September 2007. Thus, this issue is controlled by OCGA § 17-8-58, which became effective July 1, 2007. Ga. L. 2007, p. 595, §§ 1, 5.

[13] *Metz v. State,* 284 Ga. 614, 619-620 (5) (669 SE2d 121) (2008).

[14] *Blankenship v. State,* 301 Ga. App. 602, 606 (4) (688 SE2d 395) (2009).

[15] *Vaughn v. State,* 301 Ga. App. 55, 58 (2) (686 SE2d 847) (2009).

[16] *Bowman v. State,* 222 Ga. App. 893, 897-898 (3) (476 SE2d 608) (1996).

[17] *Watkins v. State,* 206 Ga. App. 575, 578 (5) (426 SE2d 26) (1992).

jury by failing to differentiate between seemingly similar charges that were present in *Torres* is absent here. Accordingly, the trial court's charge to the jury on possession with intent to distribute did not constitute "plain error" that would justify overlooking Boring's waiver of his objections to that charge. See *Blankenship*, supra, 301 Ga. App. at 606-607 (4).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 7, 2010.

*Jennifer A. Trieshmann*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.