### A11A1624. DENNIS v. THE STATE.
### A11A1636. BROWN v. THE STATE.
(722 SE2d 190)

MILLER, Judge.

Tryce Dennis and Christopher Brown were jointly indicted, tried, and convicted of felony possession of more than one ounce of marijuana (OCGA § 16-13-30 (j) (1)). They filed motions for new trial, which the trial court denied. On appeal, Dennis and Brown both contend that the evidence was insufficient to sustain their respective convictions. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt.

(Citation omitted.) *Cochran v. State*, 300 Ga. App. 92 (684 SE2d 136) (2009).

So viewed, the trial evidence shows that on the afternoon of April 26, 2010, a school resource officer with the Gwinnett County School Police Division was on duty at a local high school and observed an unauthorized minivan backing out of the school's faculty parking area. He followed behind the minivan to check the tag, and then initiated a stop in a nearby parking lot.

---

The minivan had two front seats, including the driver's seat and a passenger seat. There were no back seats in the minivan, and the rear consisted only of a flat floorboard. The driver and a front seat passenger remained seated in the front of the minivan. Dennis, Brown, and another passenger occupied the back of the minivan. Initially, the school resource officer observed only four occupants in the minivan. As he began to approach, however, the school resource officer noticed Brown stand up in the back of the minivan. The school resource officer retreated to his patrol vehicle for officer safety and called for the assistance of additional officers.

The school resource officer then observed the occupants actively moving around inside the minivan. The school resource officer described that everyone in the minivan was moving around, looking down, and turning back and forth.

Upon the arrival of the other officers, the school resource officer asked the driver to exit the minivan with his driver's license and proof of insurance. The driver stepped to the rear of the minivan and cooperated with the school resource officer's investigation. The school resource officer asked the driver why everyone was moving around inside the minivan. The driver responded that "[he was] not going to lie" and informed the school resource officer that "they [had marijuana] and they're hiding [marijuana] in the [mini]van." The driver informed the officers that the marijuana belonged to the other four passengers and gave the officers permission to search the minivan.

Upon entering the minivan to perform the search, the officers immediately detected the odor of marijuana. During the search, the officers discovered marijuana hidden in multiple areas inside the minivan. The officers recovered a bag containing a softball-size quantity of marijuana from the driver's seat belt compartment. An officer testified that the passengers in the back of the minivan would have had better access to the driver's seat belt area based upon the angle in which the bag was hidden. The officers also recovered three baggies of marijuana from a drink can that was in the center console between the driver and front passenger seat; three baggies of marijuana from the front glovebox; and fourteen baggies from underneath the front passenger seat. An officer stated that based upon the individual packaging, the marijuana was for distribution. Crime lab test results established that the substance in the baggies was marijuana weighing a total of 1.64 ounces.

The driver and all of the passengers were arrested and jointly indicted for the drug offense. At the trial of Dennis and Brown, each of the co-defendants testified. Their testimony, however, conflicted in several respects. The front passenger claimed that all of the marijuana recovered from the minivan belonged to him, and that he hid

all of the marijuana. The front passenger, however, was unable to explain why the marijuana was hidden in the various places, instead of all together in one place. He also inconsistently stated that he hid the marijuana in the seat belt compartment on the passenger side, rather than on the driver's side where it was found. A back seat passenger testified that he and the front passenger were smoking marijuana in the minivan prior to the stop, and thus, everyone was aware that marijuana was in the minivan. Dennis and Brown, however, testified that they did not smell marijuana inside the minivan, did not observe anyone smoking marijuana prior to the stop, and did not have knowledge or possession of the marijuana.

At the conclusion of the bench trial, the trial judge found Dennis and Brown guilty of the marijuana possession offense. Dennis and Brown contend that their respective convictions were unauthorized since the evidence showed only their spatial proximity to the drugs and since the circumstantial evidence failed to exclude every reasonable hypothesis save that of guilt. We disagree.

> Possession of contraband may be actual or constructive. Moreover, joint constructive possession with another will sustain a conviction for possession of contraband. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.

(Citation omitted.) *Cochran*, supra, 300 Ga. App. at 94 (1) (a). "A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where the contraband is hidden." (Citation and punctuation omitted.) Id. at 95 (1) (a).

> To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. Whether this burden has been met is a question for the [trier of fact], and its determination will not be disturbed unless the verdict is insupportable as a matter of law.

(Citations and punctuation omitted.) *Carswell v. State*, 201 Ga. App. 746, 747 (412 SE2d 572) (1991).

Here, Dennis and Brown were both charged with the drug offense. As such, the State could establish their guilt by showing that they were in joint constructive possession of the drug contraband. See *Cochran*, supra, 300 Ga. App. at 94-95 (1) (a). The evidence showed that Dennis and Brown knew that marijuana was inside the minivan. Their co-defendants had been smoking marijuana prior to the stop, and the strong odor of marijuana was obvious inside the minivan. See *Vines v. State*, 296 Ga. App. 543, 546 (1) (675 SE2d 260) (2009) (ruling that the strong odor of marijuana inside the vehicle allowed an inference that the vehicle's occupants knowingly shared the power and intention to exercise dominion or control over it).

Furthermore, after the school resource officer initiated the stop, he observed everyone moving inside the minivan. When questioned about the passengers' movements, the driver informed the school resource officer that the passengers were hiding marijuana inside the minivan. Dennis and Brown had been passengers in the back of the minivan, and an officer who searched the minivan testified that the back passengers had access to the driver's seat belt compartment where a portion of the marijuana was found. Based upon this combined evidence, the trial judge was authorized to conclude that Dennis and Brown had equal access to and joint constructive possession of the marijuana, and that they participated as parties to the drug possession offense. See *Reed v. State*, 244 Ga. App. 146, 147 (534 SE2d 871) (2000); *Carswell*, supra, 201 Ga. App. at 748.

Although the front passenger testified that all of the marijuana recovered from the minivan belonged to him and that he hid all of the marijuana, the trial judge was not required to believe that part of the testimony. See *White v. State*, 295 Ga. App. 366, 368 (671 SE2d 851) (2008). Given the conflicts in the testimony given by the co-defendants, the trial judge was authorized to find that their version of the events lacked credibility. See *Woodard v. State*, 289 Ga. App. 643, 651-652 (2) (b) (658 SE2d 129) (2008). The trial judge was entitled to conclude instead that Dennis and Brown were not merely innocent passengers, but rather, were in joint constructive possession of the marijuana. See *Cochran*, supra, 300 Ga. App. at 96 (1) (a).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED JANUARY 18, 2012.

*Edwin J. Wilson*, for appellant (case no. A11A1624).
*Brown & Gill, Angela B. Dillon*, for appellant (case no. A11A1636).

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.