**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11787

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTONIO BELL,
a.k.a. Antonio Alexander Bell,
a.k.a. Antonio A. Bell,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:24-cr-00039-CDL-CHW-1

————————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Antonio Bell appeals his total sentence of 165 months' imprisonment and 36 months' supervised release for possessing a firearm as a convicted felon. On appeal, Bell contests the procedural and substantive reasonableness of his sentence. First, Bell argues that the district court erred in applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B)[1] because the court (1) erroneously concluded that he possessed the firearm in connection with the felony offense of possessing methamphetamine with the intent to distribute and (2) improperly relied on evidence related to conduct for which he was not charged in federal court. Second, Bell argues that his sentence is substantively unreasonable because the court did not adequately consider his arguments for a downward variance. We disagree and affirm the district court.

## I

Bell first argues that the district court erred in granting the four-level § 2K2.1(b)(6)(B) enhancement. We review a district court's legal interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). The district court's findings of fact are clearly erroneous when they leave us with a "definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted). A court's "choice between two permissible views of the evidence will rarely constitute clear error, so long as the basis of

---

[1] Following the 2025 Guidelines revisions, this provision is now 2K2.1(b)(7)(8).

the trial court's decision is supported by the record and the court did not misapply a rule of law." *United States v. Valois*, 915 F.3d 717, 731 (11th Cir. 2019).

A district court's findings of fact at sentencing must be "supported by a preponderance of the evidence." *United States v. Brooks*, 112 F.4th 937, 947 (11th Cir. 2024) (citation modified). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) (citation modified). Moreover, "[r]elevant conduct need not be included in the indictment—a district court may consider uncharged conduct if it finds that the government proved the conduct by a preponderance of the evidence." *United States v. Perry*, 14 F.4th 1253, 1277 (11th Cir. 2021).

The Sentencing Guidelines provide a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The phrase "another felony offense" includes state offenses punishable by imprisonment for a term of more than one year, regardless of whether the defendant was charged with that offense. *Smith*, 480 F.3d at 1280. Under Georgia law, possession of methamphetamine

with intent to distribute is a felony offense punishable by imprisonment for a term of more than one year. *See* O.C.G.A. § 16-13-30(b), (d); *see also* O.C.G.A. § 16-13-26(3)(B) (scheduling methamphetamine as a controlled substance).

A sentencing enhancement may be affirmed by us "for any reason supported by the record." *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015) (quotation marks omitted). This is true even if the reason was not relied upon by the district court. *Id.*

Here, the district court did not commit any procedural error in its application of the § 2K2.1(b)(6)(B) enhancement. First, the court did not clearly err in determining that Bell possessed a firearm in connection with the separate felony offense of possessing methamphetamine with intent to distribute. When Bell's vehicle was stopped, he initially fled a short distance on foot before being captured. On the ground along this attempted escape route, officers recovered a bag containing 25.5 grams of methamphetamine as well as two other bags containing lesser amounts of cocaine and marijuana. They also found a discarded .40 caliber pistol outfitted with an extended magazine and loaded with 20 rounds of ammunition. This matched a "black pistol" that a deputy saw Bell carrying just before his failed escape. And finally, they found $3,960 on his person.

Given this (literal) trail of evidence along Bell's flight path, we cannot say that the district court clearly erred in determining that Bell possessed the methamphetamine and pistol. Nor did it clearly err in considering the quantity of the methamphetamine

alongside with the loaded pistol and drawing the inference that Bell intended to distribute this quantity of methamphetamine in violation of Georgia law. *See, e.g.*, *Driscoll v. State*, 295 Ga. App. 5, 6–7 (2008) (affirming a defendant's conviction for possession with intent to distribute when defendant possessed 14 grams of methamphetamine, "other illegal drugs," and "handguns"). Given that this violation of Georgia's law is separate from the firearm-possession crime and punishable by more than one year in prison, the district court also did not err in determining, if only implicitly, that this was "another felony offense." U.S.S.G. § 2K2.1(b)(6)(B); *see also Hightower v. Terry*, 459 F.3d 1067, 1072 n.9 (11th Cir. 2006) ("[A] trial court's dispositive ruling may contain implicit findings, which, though unstated, are necessary to that ruling.").

Nor did the district clearly err in concluding that this firearm was possessed "in connection with" the intention to distribute the methamphetamine. "[A] defendant possesses a firearm 'in connection with' possession with intent to distribute [drugs] where he possesses both the gun and the narcotics on his person at the same time." *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001). The bag of methamphetamine and the loaded pistol with extended magazine were both found along Bell's flight path, and the deputy officer spotted a black pistol in Bell's hands. The district court's conclusion that Bell, at one point, possessed both on his person is supported by the record and therefore not clearly erroneous.

Separately, the district court did not err in relying on evidence related to conduct for which Bell was not charged in federal

court.  Congress has instructed that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.  Moreover, we have held that "it is well-established that sentencing courts may consider [] uncharged . . . conduct in determining the appropriate sentence." *United States v. Hasson*, 333 F.3d 1264, 1279 n.19 (11th Cir. 2003) (citing *United States v. Watts*, 519 U.S. 148, 152–53 (1997) (per curiam)), *abrogated in part on other grounds by United States v. Svete*, 556 F.3d 1157 (11th Cir. 2009).  Bell's 165-month sentence is moreover less than the 180-month maximum authorized by Congress and therefore raises no issues under the Sixth Amendment.  *See United States v. Belfast*, 611 F.3d 783, 827 (11th Cir. 2010); *see also* 18 U.S.C. § 924(a)(8).  The district court therefore did not err when it considered evidence presented at the sentencing hearing regarding conduct for which Bell was not charged in federal court.

## II

Bell also argues that his sentence is substantively unreasonable because the sentence was longer than necessary to achieve the sentencing goals of § 3553(a).  When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging the sentence bears the burden of establishing that it is unreasonable based upon the facts of the case and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). The proper factors are set out in § 3553(a) and include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C).

"We have underscored that we must give 'due deference' to the district court" to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quoting *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). The district court also does not have to give all the factors equal weight and is given discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Although the guidelines are merely discretionary, a district court's imposition of a sentence within the guideline range and well below the statutory maximum penalty is indicative of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016).

Here, Bell's 165-month-imprisonment sentence, with 36 months of supervised release, is not substantively unreasonable. The district court did not abuse its discretion in weighing the

§ 3553(a) factors and imposing a sentence within the advisory sentence range "based on the nature and circumstances of the offense and [Bell's] significant criminal history." The district court was well aware of Bell's mitigating arguments, having read all the letters sent from Bell's family members and reviewed the presentence report. It was similarly mindful of the government's argument that Bell had a track record of criminal conduct spanning two decades. The district court acted within its discretion to weigh these relevant factors and impose this within-range sentence. Bell's sentence was therefore substantively reasonable.

**AFFIRMED.**