A05A1473. CAUSEY v. THE STATE.
(618 SE2d 127)

PHIPPS, Judge.

At a bench trial, Aaron Causey was convicted of two counts of carrying a concealed weapon, and of one count each of trafficking in cocaine, possession of marijuana with intent to distribute, and possession of a firearm during the commission of a crime. He appeals. In reliance on the equal access rule, he challenges the sufficiency of the evidence to support his conviction of possession of marijuana with intent to distribute. Finding the challenge devoid of merit, we affirm.

The state's evidence showed that off-duty uniformed City of Marietta police officers Mark Bishop and Danny Messimer were working as security guards at a Dave and Buster's entertainment complex when Bishop observed Carlos Blunt walking through the parking lot, empty-handed and peering into car windows. Bishop, followed by Messimer, began to approach Blunt. As they were doing so, Causey drove into the parking lot in a Toyota and stopped his car

---

[4] Id. at 809-810.
[5] Id. at 810, n. 5.
[6] *Davis v. State*, 255 Ga. 588, 599 (1) (a) (340 SE2d 862) (1986).

where Blunt was standing. Blunt got into the passenger side of the car, and Causey drove to a remote area of the parking lot and stopped the car. The officers then began to approach the car. Before they got there, Blunt exited the passenger side, looked in their direction, and sprinted away. Causey then began to drive the car around the parking lot. Bishop motioned for him to stop, and Causey complied.

After asking Causey a few preliminary questions, Bishop asked if he could search the car. Causey consented and informed Bishop that he had a martial arts device in the car. During the search, Bishop discovered the device, as well as electronic scales, drug packaging paraphernalia, a razor blade, and over nine ounces of marijuana in a briefcase on the floorboard of the car behind the passenger seat. Causey was then placed under arrest. During the search incident to arrest, Bishop found about 40 grams of cocaine in one of the socks Causey was wearing, $3,477 (mostly in $100 bills) in another sock, and a loaded ready-to-fire handgun in one of his pockets.

"In the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. This rule is equally applicable to an automobile in which the accused is only the driver or in possession of the vehicle."[1] The presumption may, however, be overcome by application of the equal access rule.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.[2]

And "merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."[3] But the equal access rule "applies only where the sole evidence of possession of contraband found in the

---

[1] *Henderson v. State*, 191 Ga. App. 275, 276 (1) (a) (381 SE2d 423) (1989) (citations, punctuation and emphasis omitted).

[2] *Knox v. State*, 216 Ga. App. 90, 92 (3) (453 SE2d 120) (1995) (citations and punctuation omitted).

[3] *Davis v. State*, 146 Ga. App. 629, 629-630 (2) (247 SE2d 210) (1978) (citation and punctuation omitted).

vehicle is the defendant's ownership or possession of the vehicle."[4] "Whether evidence of equal access is sufficient to rebut an inference of possession is a question for the trier of fact."[5]

The evidence here authorized the court to find that although Causey's passenger may have had some fleeting access to the area of the vehicle where the briefcase containing the marijuana and other items were found, he was not in possession of the briefcase when he entered the car and thus did not have the opportunity to place the marijuana in the car. Therefore, it does not affirmatively appear from the evidence that the passenger had equal access to the contraband. Moreover, Causey's possession of the vehicle was not the sole evidence of his possession of the marijuana with intent to distribute. Large quantities of cocaine and cash and a weapon found on Causey's person also constituted evidence of his involvement in the drug trade.[6] The evidence was amply sufficient to authorize any rational trier of fact to find Causey guilty beyond a reasonable doubt of all offenses charged.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JULY 15, 2005.

*Daniel L. Henderson*, for appellant.
*Patrick H. Head, District Attorney, Grady A. Moore, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[4] *Wilkerson v. State*, 269 Ga. App. 190, 192 (2) (603 SE2d 728) (2004) (citation, punctuation and emphasis omitted).

[5] *Davis v. State*, 272 Ga. App. 33, 34 (611 SE2d 710) (2005) (citations omitted).

[6] *Swanger v. State*, 251 Ga. App. 182, 185 (1) (a) (554 SE2d 207) (2001).