A05A1541. BOWENS v. THE STATE.
(623 SE2d 677)

BERNES, Judge.
We granted Andrew Bowens' application for discretionary review of the trial court's denial of his motion to suppress evidence of cocaine taken from his person after a drug sniffing dog alerted on the exterior of his vehicle during the course of a valid traffic stop. Bowens concedes that the use of a drug sniffing dog to conduct a free air search around the exterior of a vehicle during the course of a lawful traffic stop does not implicate the Fourth Amendment under the United States Constitution. See *Illinois v. Caballes,* 543 U. S. 405 (125 SC 834, 160 LE2d 842) (2005). He instead asserts that in the absence of a reasonable articulable suspicion of illegal drug activity, such a practice violates the 1983 Georgia Constitution.[1] We disagree and affirm.

---

[1] Arguing for application of a general right to privacy, Bowens specifically references Ga. Const. of 1983, Art. I, Sec. I, Par. XIII.

In ruling on a motion to suppress, the trial court sits as the trier of fact, and the court's findings are analogous to a jury verdict and will not be disturbed when the record contains any evidence to support those findings. When reviewing a trial court's ruling on a motion to suppress, the evidence must be construed most favorably toward the court's findings unless those findings are clearly erroneous. Further, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.

(Citations and punctuation omitted.) *McCray v. State*, 268 Ga. App. 84 (601 SE2d 452) (2004).

So viewed, the evidence shows that on or about December 28, 2002, Savannah Police Officer Brian Lee stopped Bowens after observing that he was not wearing a seat belt and was driving a vehicle with a paper "drive-out" tag. Officer Lee approached Bowens' vehicle and asked for Bowens' driver's license and proof of registration. Approximately two minutes later, while Officer Lee was running a computer check on Bowens' license and registration, a second officer arrived on the scene with a drug sniffing dog[2] and walked the dog around the vehicle. After the dog alerted on the driver's side door, Officer Lee asked Bowens to exit his vehicle and requested Bowens' consent to search his person. Bowens agreed. The officer subsequently discovered and seized six rocks of crack cocaine from a plastic bag protruding from Bowens' sock. The entire incident, from stop to arrest, was over in approximately five minutes.

As an initial matter, we note that the initial stop of Bowens for the seat belt violation was lawful, a point conceded by Bowens in the trial court. See *Fernandez v. State*, 275 Ga. App. 151, 157 (3) (b) (i) (619 SE2d 821) (2005); *Davis v. State*, 232 Ga. App. 320, 321-322 (1) (501 SE2d 836) (1998). We further note that the traffic stop was not prolonged by virtue of the dog's free air search around the exterior of the vehicle. At the time the dog alerted on the door, the traffic stop was still in progress. Officer Lee was running a computer check on Bowens' license and registration.[3] See *Byers v. State*, 272 Ga. App.

---

[2] The second officer testified that he was called to the stop because Officer Lee smelled marijuana. The trial court made no finding of fact with regard to this issue. We note that if Officer Lee detected the odor of marijuana, he would have had a reasonable, articulable suspicion under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) to detain Bowens and to determine whether he was driving under the influence of marijuana or other controlled substance. *Cole v. State*, 254 Ga. App. 424 (1) (562 SE2d 720) (2002).

[3] "An officer conducting a routine traffic stop may request and examine a driver's license and vehicle registration and run a computer check on the documents, and check for outstanding warrants or criminal histories on the vehicle's occupants." (Citations and footnotes omitted.)

664, 666 (613 SE2d 193) (2005). Thus, Bowens posits that the sole issue on appeal "is whether the Georgia Constitution prohibits a 'free air search' during a purportedly valid traffic stop in which the police do not have an articulable, reasonable suspicion of any illegal drug activity." We have previously decided this issue adversely to Bowens' contention.

> *The area around [a] car is not an area protected by the Fourth Amendment or Par. XIII of Art. I, Sec. I of the Georgia Constitution. The owner or driver of an automobile has no reasonable expectation of privacy in the airspace surrounding the car.* The use by the officer of a canine's enhanced (through training) olfactory sense cannot convert a sniff of the air around the exterior of the car into an unreasonable search of the interior of the car. Since the drug dog's sniffing of the exterior of the vehicle did not constitute a search within the meaning of the Fourth Amendment [or the Georgia Constitution], *reasonable and articulable suspicion is not required before a police officer may use a canine trained in drug detection to sniff the vehicle's exterior.*

(Citations, punctuation and footnotes omitted; emphasis supplied.) *Rogers v. State*, 253 Ga. App. 863, 864-865 (1) (560 SE2d 742) (2002). See also *McCray*, 268 Ga. App. at 87 (1).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 10, 2005 — 

*Jackson & Schiavone, George T. Jackson*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jennifer L. Parker, George R. Asinc, Assistant District Attorneys*, for appellee.

---

*Rosas v. State*, 276 Ga. App. 513, 518 (1) (c) (624 SE2d 142) (2005).