A06A2451. THE STATE v. SIMMONS.
A06A2452. THE STATE v. VENSON.
(640 SE2d 709)

ANDREWS, Presiding Judge.

The State appeals the trial court's grant of defendants Brian Simmons's and Ayana Venson's motions to suppress evidence following a traffic stop. For reasons that follow, we reverse.

This case arose when officers stopped the car in which Simmons and Venson were driving for a window tint violation. After a drug dog alerted to the presence of drugs, officers recovered marijuana, methamphetamine and cocaine from Venson's purse. Both Simmons and Venson were charged with trafficking in cocaine, possession of marijuana with intent to distribute and possession of methamphetamine with intent to distribute. Simmons, the driver, was charged with a window tint violation and with driving without a license. Both Simmons and Venson filed motions to suppress, which the trial court granted. The State now appeals.

When reviewing a trial court's order on a motion to suppress, this Court applies a de novo standard of review to the trial court's application of law to those facts that are not in dispute. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

Here, the facts were undisputed and the only witness at the hearing was Officer Dillard, the arresting officer. Dillard testified

that he and his partner, Lieutenant Martel, were parked along the side of the road at West Avenue right by the entrance ramp to I-20 eastbound. He stated that they were not specifically targeting anybody that had a tinted window, but it was one of the "things they wanted [them] to be looking for since the law came back."[1] The officer stated that as Simmons and Venson drove by, he could not see into the car. Dillard said that if he could not see into the car, the tint had to allow less than 32 percent of the light through the windows.

The officers stopped the car and confirmed that the tint on the windows violated OCGA § 40-8-73.1. In addition, the license Simmons produced had expired. Martel, who had gone to the driver's side of the car also indicated to Dillard that he smelled drugs. While Dillard ran Simmons's license and wrote up the citation for the window tint violation, Martel walked their drug dog around the car and it alerted to the passenger's side door. Officers found marijuana, cocaine and methamphetamine in Venson's purse.

In granting the motion to suppress, the trial court's order stated that

[t]he fact that a police officer is unable to see through a vehicle's windows into the interior of a motor vehicle which drives by him at 65 miles-per-hour while the officer is sitting in a stationary police vehicle on the side of the interstate is clearly not sufficient to create a particularized and objective basis for suspecting involvement in criminal activity, especially when it is later determined that the actual window tint was only five percent greater than that allowed by law.

First, we note that the trial court was not making a determination that the officer's testimony was not credible. The court made clear at the hearing that it believed Dillard's testimony that he observed the dark window tint and thought it was in violation of the law. Rather, the court held that the officer's being unable to see

---

[1] The previous Georgia law against tinted windows was struck down by the Supreme Court of Georgia in *Ciak v. State*, 278 Ga. 27 (597 SE2d 392) (2004), on constitutional grounds because it treated residents differently from nonresidents. Id. at 29. The law was subsequently rewritten and now provides:

Except as provided in this Code section, it shall be unlawful for any person to operate a motor vehicle in this state: (1) Which has material and glazing applied or affixed to the front windshield, which material and glazing when so applied or affixed reduce light transmission through the windshield; or (2) Which has material and glazing applied or affixed to the rear windshield or the side or door windows, which material and glazing when so applied or affixed reduce light transmission through the windshield or window to less than 32 percent, plus or minus 3 percent, or increase light reflectance to more than 20 percent.

OCGA § 40-8-73.1 (b).

through the windows was insufficient reason to stop the car. The hearing transcript supports this conclusion. The trial court stated: "The question is whether that stop was an investigatory stop, and they had a legitimate reason to do so. And I don't know that they did just based on the window tint."

In making this holding, the trial court has disregarded well-settled law.

> Before stopping a car, "an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." A traffic offense provides the necessary facts for such reasonable suspicion. When an officer witnesses a traffic offense, a resulting traffic stop does not violate the Fourth Amendment, regardless of the officer's motives for initiating the stop. Even where the traffic violation is minor, "a suppression motion arguing that the stop was pretextual must fail."

(Footnotes omitted.) *Thomas v. State*, 261 Ga. App. 493, 496-497 (583 SE2d 207) (2003).

Moreover, the trial court's reasoning has specifically been rejected in *Ciak v. State*, 278 Ga. 27 (597 SE2d 392) (2004). In *Ciak*, the Supreme Court held that a traffic stop is not rendered improper simply because a field test showed that the window tint did *not* violate the statute. Id. at 30. The officer observed a vehicle with dark tinted windows and believed them to be in violation of the statute. That was sufficient to justify the investigatory stop. Id.

Further, there was no extended detention of the car or its occupants. While one officer wrote the citations for the tint violation and driving with an expired license, the other officer got the drug dog out of their vehicle and walked it around the car. "[T]he use of a drug sniffing dog to conduct a free air search around the exterior of a vehicle during the course of a lawful traffic stop does not implicate the Fourth Amendment under the United States Constitution." *Bowens v. State*, 276 Ga. App. 520 (623 SE2d 677) (2005). In fact, even without reasonable and articulable suspicion, an officer may use a canine trained in drug detection to sniff a vehicle's exterior. Id. And, once the drug dog alerted, the officers had probable cause to search the car. *Byers v. State*, 272 Ga. App. 664, 667 (613 SE2d 193) (2005).

"When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision." *Willis v. State*, 263 Ga. App. 740, 741 (589 SE2d 282) (2003). In this case, we find no basis for the trial court's decision and therefore the trial court erred in granting Simmons's and Venson's motions to suppress. See, e.g., *Ciak*, supra; *Quick v. State*, 279

Ga. App. 835, 837 (632 SE2d 742) (2006) (officer's suspicion that window tint was too dark provided valid basis for stop).
   *Judgments reversed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 29, 2006.

   *Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellant.
   Brian L. Simmons, *pro se*.
   *James S. Purvis, Denise S. Reger*, for Venson.