## A09A0063. WHITE v. THE STATE.
### (671 SE2d 851)

BLACKBURN, Presiding Judge.

Following a jury trial, Terrance Floyd White was convicted of possession of more than one ounce of marijuana,[1] obstruction of a law enforcement officer (misdemeanor),[2] and failure to provide proof of insurance.[3] He appeals his possession conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [White] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Berry v. State.*[4] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia.*[5]

So viewed, the record shows that on November 2, 2006, a sheriff's deputy conducted a traffic stop on a van that was displaying an improper temporary license tag while traveling on Interstate 20. Upon stopping the van, the deputy observed that it had two occupants: a female driver and a male in the front passenger seat, who was later identified as White. At the deputy's request, the driver identified herself as Cynthia Rockmore, which information White confirmed. However, the driver was unable to produce a driver's license, proof of insurance, or the van's registration, nor could she provide the deputy with her correct social security number or date of birth. Given the circumstances, the deputy arrested the driver, and shortly thereafter, she admitted that she had provided the deputy with her mother's name because her own license had been suspended.

Because the van did not have a proper license tag and because neither of its occupants had proof that it was insured, the deputy

---

[1] OCGA § 16-13-30 (j) (1). See also OCGA § 16-13-2 (b).

[2] OCGA § 16-10-24 (a).

[3] OCGA § 40-6-10 (b).

[4] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[5] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

informed the female driver and White that the van could not be driven on the interstate and would have to be impounded. Thus, pursuant to his department's impound policy, the deputy called for a tow truck and began taking an inventory of the van's contents. In doing so, he opened a compartment below the front passenger seat, where White had been sitting, and found a plastic bag containing over six ounces of marijuana. Consequently, the deputy also arrested White. Thereafter, while waiting for the tow truck, the deputy ran the van's vehicle identification number through the computer in his patrol vehicle and determined that White owned the vehicle.

White was charged, via accusation, with possession of marijuana with intent to distribute, obstruction of a law enforcement officer, and failure to provide proof of insurance. The female driver was charged with possession of marijuana with intent to distribute, failure to provide proof of insurance, giving a false name to a law enforcement officer, driving with a suspended license, and operation of an unregistered vehicle. Prior to White's trial, she pled guilty to all charges.

At White's trial, the deputy testified regarding the traffic stop and arrest, and the State introduced evidence that the substance that the deputy found in the compartment under White's seat was 6.82 ounces of marijuana. In addition, the driver testified that she owned the marijuana but that White knew that she had placed it in the van. At the trial's conclusion, the jury found White guilty of obstruction of a law enforcement officer, failure to provide insurance, and possession of more than one ounce of marijuana, which was a lesser included offense of the offense of possession with intent to distribute. Thereafter, White filed a motion for new trial, which the trial court denied. This appeal followed.

White challenges the sufficiency of the evidence supporting his conviction of possession of more than one ounce of marijuana. Specifically, he argues that the State failed to prove that he possessed the marijuana in light of the driver's claim that the marijuana belonged to her. We disagree.

Although he was not driving it at the time of the traffic stop, White owned the van in which the marijuana was found. Under Georgia law,

> [t]he owner of an automobile is presumed to be in possession and control of any contraband found in the automobile, but this presumption is rebuttable by evidence of equal access to the contraband by others. The equal access rule provides that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will,

depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver.

(Footnotes omitted.) *Hamilton v. State*.[6] "However, the equal access rule, conceptually and historically, has no application where, as here, all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband." (Punctuation omitted.) *Davis v. State*.[7]

In this matter, the State charged White and the female driver of his van with possession of marijuana with intent to distribute. "Possession may be joint or exclusive, and actual or constructive." (Punctuation omitted.) *Reed v. State*.[8] The evidence presented at trial showed that the bag containing 6.82 ounces of marijuana was in a compartment below the front passenger seat where White was sitting at the time of the traffic stop. In addition, the driver testified that she and White had smoked some of the marijuana together the night before they were arrested and that White knew that the marijuana had been put in the van. Although the driver pled guilty to the charge of possession with intent to distribute and also testified that she alone owned the marijuana, the jury was not required to believe that part of her testimony. See *Goodrum v. State*;[9] *Jackson v. State*.[10] Moreover, this testimony actually supported the State's theory of joint possession, which did not require joint ownership. See *Jackson*, supra, 251 Ga. App. at 784 (2) (b); *Reed*, supra, 244 Ga. App. at 147. Given these circumstances, the jury was authorized to find that White and the driver had equal access to the marijuana and were in joint possession of it beyond a reasonable doubt. See *Davis*, supra, 270 Ga. App. at 779 (1). Accordingly, we affirm White's conviction.

*Judgment affirmed. Ruffin and Adams, JJ., concur.*

DECIDED DECEMBER 19, 2008.

*Lawrence W. Daniel*, for appellant.

---

[6] *Hamilton v. State*, 293 Ga. App. 297, 298 (1) (a) (666 SE2d 630) (2008).
[7] *Davis v. State*, 270 Ga. App. 777, 779 (1) (607 SE2d 924) (2004).
[8] *Reed v. State*, 244 Ga. App. 146 (534 SE2d 871) (2000).
[9] *Goodrum v. State*, 269 Ga. App. 397, 402 (3) (604 SE2d 251) (2004).
[10] *Jackson v. State*, 251 Ga. App. 781, 784 (2) (b) (555 SE2d 136) (2001).

*David McDade, District Attorney, Nedal S. Shawkat, Assistant District Attorney*, for appellee.