### A11A1778. JACKSON v. THE STATE.
### A11A2221. ESTERS v. THE STATE.
(724 SE2d 9)

MILLER, Judge.

Courtne Darnell Jackson and Myron Esters were jointly indicted, tried, and convicted of trafficking in 3, 4-methylenedioxymethamphetamine ("MDMA" or "ecstacy") (OCGA § 16-13-31.1); possession of marijuana with intent to distribute (OCGA § 16-13-30 (j) (1)); and possession of a firearm during the commission of a felony (OCGA § 16-11-106 (b) (4), (5)). Both appeal from the trial court's denial of their respective motions for new trial. In Case No. A11A1778, Jackson challenges the sufficiency of the evidence supporting his convictions.[1] In Case No. A11A2221, Esters contends that his trial counsel provided ineffective assistance. We discern no error and affirm in both cases.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [the defendant] no longer enjoys a presumption of innocence. In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*[, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979)].

---

[1] We note that Jackson has failed to file or include in his brief an enumeration of errors, as required by OCGA § 5-6-40 and Court of Appeals Rules 22 (a) and 25 (a) (2). We nevertheless address Jackson's arguments to the extent that they may be ascertained from his brief. See OCGA § 5-6-30 (Georgia's Appellate Practice Act shall be liberally construed to avoid refusal to consider any points raised); *State v. Madison*, 311 Ga. App. 31 (1) (714 SE2d 714) (2011) (reaching the merits of the case although the State failed to include enumerations of error in its brief since it was apparent from the notice of appeal, the record, and the brief what judgment was appealed and what errors were asserted); *Blockum v. Fieldale Farms Corp.*, 271 Ga. App. 591, 592 (1) (610 SE2d 82) (2005) (addressing appellant's arguments, to the extent that they could be ascertained from his briefs, notwithstanding the absence of enumerations of error).

(Citation, punctuation and footnotes omitted.) *White v. State*, 295 Ga. App. 366 (671 SE2d 851) (2008).

So viewed, the trial evidence shows that on August 5, 2008, Jackson, who lived in Tennessee, decided to travel to Atlanta, Georgia to visit friends. Jackson invited his acquaintance and co-defendant, Patreecia Nelson, to accompany him on the trip.

Upon arriving in Atlanta, Jackson and Nelson met Esters at his apartment. Jackson and Esters entered the apartment, while Nelson stayed in the vehicle. While inside the apartment, Jackson observed Esters handling a lot of individual bags of marijuana and ecstacy pills and "looking for something to put his drugs in." Shortly thereafter, Jackson and Esters exited the apartment and returned to the vehicle. Jackson opened the trunk of the vehicle, and stood by as Esters placed a shoe box inside. Jackson and Esters stood at the vehicle's open trunk for approximately two or three minutes. They later closed the trunk and re-entered the vehicle. Jackson, Esters, and Nelson then left the apartment and began traveling back to Tennessee.

Two officers with the Resaca Police Department were conducting interstate traffic patrol and observed Jackson's vehicle weaving between lanes. Nelson was driving the vehicle. The officers conducted a traffic stop of the vehicle based upon the failure to maintain lane violation.

After approaching the vehicle, the officer observed that each of the occupants was extremely nervous, and Jackson was "shaking real bad[.]" As part of the ongoing traffic stop, the officer performed a free air search around the vehicle with his trained K-9 unit dog, and the dog alerted on the trunk of the vehicle. A search of the vehicle's trunk then ensued.

Upon searching the trunk, the officers recovered Jackson's bag, which contained 750.1 grams/26.45 ounces of marijuana packaged in three individual bags, 29.67 grams of MDMA or ecstacy pills packaged in a separate cellophane bag, and a loaded handgun. Jackson informed the officers that the handgun belonged to him. Jackson, Esters, and Nelson were arrested and charged jointly as parties to the drug offenses.[2]

Jackson testified in his defense at trial. He initially testified that he had seen Esters with marijuana and ecstacy, but later gave inconsistent testimony that he was unaware of the ecstacy pills until after the traffic stop. Jackson admitted that he was aware that marijuana was inside the vehicle and that he would have driven

---

[2] Although Nelson also was arrested and charged with the drug offenses, the jury acquitted her of the charges at trial.

Esters to Tennessee with the drugs if they had not been stopped by the officers.

Esters also testified at trial. The trial evidence included a photograph showing Esters in possession of the handgun that had been seized during the search of the vehicle's trunk. Esters, however, denied having had any access to the vehicle's trunk. He further denied having had any prior knowledge or ownership of the contraband.

## Case No. A11A1778

1. Jackson contends that the trial evidence was insufficient to support his convictions. His contention is without merit.

(a) *Joint Constructive Possession.* Although Jackson was not driving the vehicle in which the contraband was found at the time of the stop, he was the owner of the vehicle.

> Under Georgia law, the owner of an automobile is presumed to be in possession and control of any contraband found in the automobile, but this presumption is rebuttable by evidence of equal access to the contraband by others. . . . However, the equal access rule, conceptually and historically, has no application where, as here, all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband.

(Citations, punctuation and footnotes omitted.) *White*, supra, 295 Ga. App. at 367-368. "Possession may be joint or exclusive, and actual or constructive." (Citation, punctuation and footnote omitted.) Id. "[J]oint constructive possession with another will sustain a conviction for possession of contraband." (Citation and punctuation omitted.) *Cochran v. State*, 300 Ga. App. 92, 94 (1) (a) (684 SE2d 136) (2009).

Here, Jackson, Esters, and Nelson were all charged as parties to the drug and weapon offenses. The trial evidence set forth above established circumstantially that Jackson and Esters had equal access to the contraband and were in joint constructive possession of it. Notwithstanding any conflicts or inconsistencies in the evidence,[3] the jury was authorized to find that Jackson knew that Esters had

---

[3] "[T]he jury is authorized to believe or disbelieve all or any part of the testimony of witnesses." (Citation and punctuation omitted.) *Reed v. State*, 244 Ga. App. 146, 147 (534 SE2d 871) (2000). "The resolution of any inconsistencies in the evidence was for the jury[,] as it resolves conflicts in the evidence, not this Court. The jury obviously resolved the inconsistencies and the resulting credibility issues, in favor of finding [Jackson] guilty. We are not authorized to revisit such issues on appeal." (Punctuation and footnotes omitted.) *Cosby v.*

possession of the marijuana and ecstacy. The evidence also showed that Jackson allowed Esters to place the drugs in the trunk of his vehicle, and that Jackson knowingly transported the drugs in his vehicle. Moreover, an officer testified that Jackson had claimed ownership of the handgun.

Jackson's "[p]resence, companionship, and conduct before and after the offense[s] are circumstances from which [his] participation in the criminal intent may be inferred." (Citation and punctuation omitted.) *Robinson v. State*, 175 Ga. App. 769, 773 (3) (334 SE2d 358) (1985). The evidence supported a finding that Jackson was a participant and a party to the crimes charged. See OCGA § 16-2-20 (a), (b) (3) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. . . . A person is concerned in the commission of a crime only if he . . . [i]ntentionally aids or abets in the commission of the crime[.]"); *Waters v. State*, 280 Ga. App. 566, 567-568 (634 SE2d 508) (2006) (evidence that the defendant transported his co-defendant in a car knowing that he was in possession of the drugs authorized a finding that defendant was in joint constructive possession of the drug contraband); *Robinson*, supra, 175 Ga. App. at 771 (1) (concluding that the circumstantial evidence sufficiently established that each of the co-defendants had constructive possession of the drug contraband found in the trunk of the automobile).

(b) *Trafficking in MDMA.* Under OCGA § 16-13-31.1, the felony offense of trafficking in MDMA is committed when a person knowingly possesses 28 grams or more of the MDMA drug substance. The evidence established that the amount of MDMA in Jackson's constructive possession was 29.67 grams, exceeding that required for the trafficking offense. See id. The evidence therefore supported the trafficking conviction. Id.

(c) *Possession of Marijuana with Intent to Distribute.* OCGA § 16-13-30 (j) (1) proscribes that "[i]t is unlawful for any person to . . . possess with intent to distribute marijuana." To support a conviction for this offense, the State must prove more than mere possession or intent for personal use. See *Pitts v. State*, 260 Ga. App. 553, 556-557 (3) (580 SE2d 618) (2003). Rather, the evidence must show an intent to distribute. See id.

Here, Jackson testified that he had observed Esters handling "lots" of marijuana. The testimony of the officers established that the marijuana discovered in the vehicle weighed 750.1 grams or 26.45 ounces, which was in excess of one pound. The marijuana was packaged into three individual bags and had a street value of over

*State*, 289 Ga. App. 36, 37-38 (656 SE2d 186) (2007).

$1,000. Significantly, the marijuana was found with a trafficking amount of MDMA and a loaded weapon, constituting evidence of involvement in the drug trade. See *Causey v. State*, 274 Ga. App. 506, 508 (618 SE2d 127) (2005) (affirming conviction for possession of marijuana with intent to distribute based upon evidence that defendant also was in possession of large quantities of another illegal drug and a weapon); *Pitts*, supra, 260 Ga. App. at 557 (3) (affirming conviction for possession of marijuana with intent to distribute based upon evidence that 28 grams of marijuana divided into five individual packages was found with a large, distribution amount of another illegal drug). Although Jackson and Esters both testified at trial, neither claimed that the marijuana was for personal use. There likewise was no evidence that any of the co-defendants were drug users or were under the influence of drugs.[4] As such, the jury was authorized to reject a hypothesis that the marijuana was for personal use, as opposed to distribution. We have consistently held that

> [q]uestions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Punctuation and footnote omitted.) *Ferrell v. State*, 312 Ga. App. 122, 125 (1) (717 SE2d 705) (2011). Viewed in the light most favorable to upholding the verdict, these circumstances authorized a finding that the marijuana was for distribution. See *Causey*, supra, 274 Ga. App. at 508; *Pitts*, supra, 260 Ga. App. at 557 (3).

---

[4] We note that in *Vines v. State*, 296 Ga. App. 543, 547 (1) (675 SE2d 260) (2009), and *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997), this Court reversed convictions for possession of marijuana with intent to distribute since the circumstantial evidence failed to exclude the possibility that the marijuana was for the defendants' personal use. Significantly, in both *Vines* and *Parris*, the officers had immediately detected the strong odor of marijuana inside the defendant's car or on the defendant's person at the time of the respective traffic stops, which gave rise to a reasonable hypothesis that the drugs had been for the defendants' personal use. See *Vines*, supra, 296 Ga. App. at 543 (upon initiating the traffic stop, the officer "immediately smelled 'the overwhelming odor of marijuana' coming out of the car"); *Parris*, supra, 226 Ga. App. at 856 (concluding that the evidence presented a "credible theory that the marijuana was for [defendant's] personal use, especially in light of testimony that when arrested [defendant] exuded the odor of burnt marijuana"). Here, however, there was no evidence that the strong odor of marijuana was immediately detected inside the vehicle or was exuding from Jackson or Esters. Likewise, there was no evidence indicating that Jackson or Esters appeared to be under the influence of marijuana at the time of the stop. As such, the circumstances presented in *Vines* and *Parris* are distinguishable.

(d) *Possession of a Firearm During the Commission of a Felony.* The trial evidence also authorized Jackson's conviction for possession of a firearm during the commission of the drug felony offenses. OCGA § 16-11-106 (b) (4), (5) pertinently provides that a person commits a felony when he possesses a firearm "on or within arm's reach" of his person during the commission of a felony crime involving the possession with intent to distribute marijuana or the trafficking of illegal drugs. "By adding the words 'within arm's reach,' the legislature extended the application of the statute to include weapons to which a felon had immediate access in addition to those weapons the felon actually had on his person." *Carswell v. State*, 251 Ga. App. 733, 735 (1) (b) (555 SE2d 124) (2001). "[T]he final element of the crime of possession of a firearm during commission of a crime required proof only that defendant passed even momentarily within arm's reach of the gun." *Gibson v. State*, 223 Ga. App. 103 (1) (476 SE2d 863) (1996); see also *Davenport v. State*, 308 Ga. App. 140, 148 (1) (c) (706 SE2d 757) (2011) ("[W]hen a defendant is charged under this statute, the evidence is sufficient to sustain a conviction when it is shown at trial that a firearm was within arm's reach of the defendant at any point during the commission of the crime, thus giving the defendant immediate access to the weapon.") (punctuation and footnotes omitted).

The evidence in this case showed that Jackson had immediate access to the handgun when he and Esters stood at the open trunk of the vehicle for approximately two or three minutes, depositing the drugs in Jackson's bag, where the handgun was also located. As such, the jury could conclude that Jackson had been within arm's reach of the handgun when the drugs and the handgun were placed together. See *Hall v. State*, 283 Ga. App. 266, 266-268 (641 SE2d 264) (2007) (affirming conviction when firearms were found within arm's reach of drugs).

Accordingly, Jackson's convictions were authorized.

### Case No. A11A2221

2. Esters contends that his trial counsel provided ineffective assistance.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [See] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the

*Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.

(Citations and punctuation omitted.) *Bridges v. State*, 286 Ga. 535, 537 (1) (690 SE2d 136) (2010). Applying these standards, we turn to review Ester's claims.

(a) Esters first contends that his trial counsel was ineffective for failing to file a motion to suppress the contraband evidence. "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citations and punctuation omitted.) *Spencer v. State*, 293 Ga. App. 450 (667 SE2d 223) (2008). Esters has failed to make the requisite showing in this case, and thus, his claim fails.

Here, the officers stopped the vehicle for failure to maintain lane. "Failing to maintain one's lane justifies a stop of a vehicle for a traffic violation [under OCGA § 40-6-48]." (Punctuation and footnote omitted.) *Hardaway v. State*, 309 Ga. App. 432, 434 (1) (710 SE2d 634) (2011); see also *Davis v. State*, 236 Ga. App. 32, 33 (1) (510 SE2d 889) (1999) ("Weaving without reason into nearby lanes violates [OCGA § 40-6-48 (1)]" and justifies a traffic stop). We further note that Esters has neither argued nor shown that the traffic stop was prolonged by the dog's free air search around the exterior of the vehicle. Esters himself testified that they had not been detained for long during the stop and search. When the dog alerted on the vehicle's trunk, the traffic stop was still in progress.

The officers were not required to have articulable suspicion of illegal drug activity in order to conduct the free air search outside the vehicle. We have previously held that

[t]he use of a drug sniffing dog to conduct a free air search around the exterior of a vehicle during the course of a lawful traffic stop does not implicate the Fourth Amendment under the United States Constitution. In fact, even without reasonable and articulable suspicion, an officer may use a

canine trained in drug detection to sniff a vehicle's exterior. And, once the drug dog alerted, the officers had probable cause to search the car.

(Citations and punctuation omitted.) *State v. Simmons*, 283 Ga. App. 141, 143 (640 SE2d 709) (2006); see also *Hardaway*, supra, 309 Ga. App. at 435 (1); *Bowens v. State*, 276 Ga. App. 520, 522 (623 SE2d 677) (2005). Under these circumstances, Esters has not shown that a motion to suppress would have been meritorious. See *Hardaway*, supra, 309 Ga. App. at 435 (1); *Bowens*, supra, 276 Ga. App. at 521-522. "It is not ineffective assistance of counsel to refrain from making a futile motion or filing a meritless motion to suppress." (Citations and punctuation omitted.) *King v. State*, 287 Ga. App. 375, 377 (2) (a) (651 SE2d 496) (2007).

(b) Esters next argues that his trial counsel failed to adequately meet with him prior to trial and did not have sufficient time to prepare for trial. His claims, however, afford no basis for reversal.

Significantly,

> [Esters] fails to demonstrate how additional time spent with counsel prior to trial would have [benefitted] his defense. The complaint of insufficient meetings with trial counsel is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client.

(Citation and punctuation omitted.) *King*, supra, 287 Ga. App. at 378 (2) (b).

At the motion for new trial hearing, trial counsel testified that during his trial preparations, he reviewed the State's file, met with Esters, and developed the defense strategy. At trial, he examined the witnesses in accordance with the trial strategy. Esters has not pointed to any evidence favoring his defense that was not discovered or presented by trial counsel at trial. In the absence of evidence establishing that there was a reasonable likelihood that additional trial preparation would have changed trial counsel's advice or the outcome of the trial, Esters's claim fails. See *Hammett v. State*, 297 Ga. App. 235, 237 (676 SE2d 880) (2009); *In the Interest of S. U.*, 232 Ga. App. 798, 801 (2) (503 SE2d 66) (1998).

*Judgments affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 22, 2012.

*Edward P. Dettmar*, for appellant (case no. A11A1778).
*Jennifer E. Hildebrand*, for appellant (case no. A11A2221).

*T. Joseph Campbell*, District Attorney, *Rosemary M. Greene*, Assistant District Attorney, for appellee.