**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 26, 2019**

# In the Court of Appeals of Georgia

A19A1463. PATEL v. THE STATE.

DILLARD, Presiding Judge.

Following a jury trial, at which he proceeded *pro se*, Amul Patel was convicted of possession of marijuana with intent to distribute, possession of marijuana more than one ounce, and possession of cocaine. On appeal, now represented by counsel, Patel argues that there was insufficient evidence to sustain his conviction for possession of marijuana with intent to distribute. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on March 3, 2015, Sheriff Kyle Walker with the Banks County Sheriff's Office, was on duty patrolling an area on and near Interstate 85 around 4:00 p.m. And while he

---

[1] *See, e.g.*, *Morris v. State*, 340 Ga. App. 295, 295 (797 SE2d 207) (2017).

was traveling north on I-85, Walker observed a silver Nissan Maxima, which was traveling in the far left lane, "jump[ ] from the fast lane through the slow lane and into [an] exit lane . . ., causing several people to apply their breaks so [as] not to hit the car." According to Walker, this conduct constituted an unsafe illegal lane change, so he activated his patrol car's blue lights and conducted a traffic stop of the Maxima. And as soon as Walker made contact with the driver of the car (later identified as Patel), he noticed Patel was speaking rapidly about how he was following too close to another vehicle. Walker could also smell a strong odor of marijuana emanating from the car.

Given these circumstances, Walker asked Patel to exit the vehicle and stand by the rear of the car. Walker then took "an exaggerated sniff" inside the car, at which point Patel admitted that he had "smoked a joint." Patel did not deny that there was more marijuana inside the car, but instead claimed that it did not belong to him. Other officers then arrived on the scene to assist Walker, and due to the smell of marijuana and Patel's admission to smoking it, they conducted a search of the vehicle. In the backseat area, officers discovered a brown paper bag containing two separate plastic bags of marijuana. Additionally, in the floorboard area of the driver's seat, the officers discovered a multi-colored bag containing even more marijuana. In total, the

marijuana collected by the officers had a gross weight of 1,327 grams, which is roughly 2.9 pounds. And without the packaging, the marijuana found in Patel's car weighed 15.65 ounces, which is .978 pounds, and had a "street value" of $26,540. Following the search, law-enforcement officers arrested Patel, and when they conducted a "pat-down search," they discovered he was also in possession of a "quantity of cocaine" in a clear plastic bag.

Thereafter, Patel was charged, via accusation, with possession of marijuana with intent to distribute, possession of more than once ounce of marijuana, and possession of cocaine. Following a jury trial, at which Patel proceeded *pro se*, he was convicted of all charged offenses. Then, represented by counsel, Patel filed a motion for a new trial, which was ultimately denied.[2] This appeal follows.

In his sole enumeration of error, Patel contends that there was insufficient evidence to support his conviction for possession of marijuana with intent to distribute. We disagree.

---

[2] It does not appear the trial court held a hearing on Patel's motion for a new trial, but because he only challenges the sufficiency of the evidence *presented at trial* as to one of his convictions, any such hearing would not be relevant to this appeal.

We review a denial of a motion for directed verdict under "the same standard as that for determining the sufficiency of the evidence to support a conviction."[3] Furthermore, when a criminal conviction is appealed, the evidence must be viewed "in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[4] And in evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility but only resolve whether "a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[5] Accordingly, the jury's verdict will be upheld so long as "there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[6] With these guiding principles in mind, we turn now to Patel's specific challenge to the sufficiency of the evidence.

---

[3] *Jordan v. State*, 322 Ga. App. 252, 253 (2) (744 SE2d 447) (2013).

[4] *Howard v. State*, 340 Ga. App. 133, 136 (1) (796 SE2d 757) (2017); *see Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[5] *Howard*, 340 Ga. App. at 136 (1) (punctuation omitted); *accord Joiner v. State*, 299 Ga. App. 300, 300 (682 SE2d 381) (2009).

[6] *Howard*, 340 Ga. App. at 136 (1) (punctuation omitted); *accord Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

OCGA § 16-13-30 (j) (1) provides that "[i]t shall be unlawful for any person to possess . . . with intent to distribute marijuana." And to support a conviction for this offense, the State must prove "more than mere possession or intent for personal use."[7] Instead, the evidence must show "an intent to distribute."[8] As a result, when a conviction hinges on circumstantial evidence, the evidence "must exclude every reasonable hypothesis except guilt."[9] Thus, if no additional evidence of intent to distribute is offered, "such as scales, drug paraphernalia, large amounts of cash, division of drugs into individual packages, or a prior conviction of possession with intent to distribute, . . . *expert testimony is critical*, and the conviction cannot be

---

[7] *Jackson v. State*, 314 Ga. App. 272, 275 (1) (c) (724 SE2d 9) (2012); *accord Haywood v. State*, 301 Ga. App. 717, 719 (1) (689 SE2d 82) (2009); *Hicks v. State,* 293 Ga. App. 830, 831-32 (668 SE2d 474) (2008).

[8] *Jackson*, 314 Ga. App. at 275 (1) (c); *see Brookshire v. State*, 230 Ga. App. 418, 419 (496 SE2d 757) (1998) ("To support appellant's conviction of possession of marijuana with intent to distribute, the evidence must show both that she possessed the marijuana and that she intended its distribution.").

[9] *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997); *accord Hicks*, 293 Ga. App. at 832; *Florence v. State*, 282 Ga. App. 31, 33 (1) (c) (637 SE2d 779) (2006).

sustained without it."[10] In sum, there must be "competent evidence" linking the possession of the drugs to "the enterprise of sale."[11]

Here, while Patel did not possess drug paraphernalia or large sums of cash, and there was no evidence that he had any prior drug convictions, he did posses nearly one pound of marijuana separated into three individual bags, *which was worth $26,540*. Additionally, the State elicited testimony at trial that Sheriff Walker encounters marijuana on a weekly, *sometimes daily*, basis; has over 1,000 hours of law-enforcement training; and is a certified K-9 handler.[12] And he testified that, based

[10] *Parris*, 226 Ga. App. at 856 (emphasis supplied); *accord Beard v. State*, 318 Ga. App. 128, 129 (1) (733 SE2d 426) (2012); *Vines v. State*, 296 Ga. App. 543, 547 (675 SE2d 260) (2009); *Bacon v. State*, 225 Ga. App. 326, 327 (483 SE2d 894) (1997).

[11] *James v. State*, 214 Ga. App. 763, 764 (449 SE2d 126) (1994).

[12] *See Cotton v. State*, 300 Ga. App. 874, 875-77 (686 SE2d 805) (2009) (holding that a police officer was qualified to give expert testimony as to a defendant's intent to distribute drugs when he spent a considerable amount of time helping a canine officer with "drug enforcement[,]" and in executing his duties as a patrol officer, he would come into contact with drugs at least once a week); *Tate v. State*, 230 Ga. App. 186, 188 (3) (495 SE2d 658) (1998) (relying on a police officer's expert testimony when, although police officer was not formally tendered by the State as an expert witness, the prosecutor questioned him extensively regarding his experience in drug enforcement and knowledge of the customary methods employed in the use and sale of cocaine). Patel summarily asserts the State did not present any expert testimony and that, although Walker testified as to his experience as a law-enforcement officer, he was not as an expert. But Patel provides no legal authority to

6

on his training and experience, the amount of marijuana Patel possessed was not

consistent with personal use. Further, in cases without drug paraphernalia or large

sums of cash, expert testimony—such as Walker's—is often critical. That said, the

requirements for qualification as an expert witness are minimal; "generally, nothing

more is required to qualify an expert than evidence that the person has been educated

in a particular trade, science, or profession."[13] Formal education or training in an area

---

support this conclusory statement; and as explained *supra*, a law-enforcement officer may testify as an expert based on his or her training and experience. Thus, contrary to Patel's suggestion, the State questioned Walker at length about his qualifications to testify in marijuana cases.

[13] *Cotton*, 300 Ga. App. at 877 (punctuation omitted); *accord Ashley v. State*, 316 Ga. App. 28, 31 (2) (728 SE2d 706) (2012); *see Davis v. State*, 301 Ga. 397, 406-07 (6) (d) (801 SE2d 897) (2017) ("To qualify as an expert generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study. Formal education in the subject at hand is not a prerequisite for expert status. The trial court has broad discretion in accepting or rejecting the qualifications of the expert, and its judgment will not be disturbed on appeal absent an abuse of discretion." (punctuation omitted)); OCGA § 24-7-707 ("In criminal proceedings, the opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses"); *Mosby v. State*, 300 Ga. 450, 453 (2) n.2 (796 SE2d 277) (2017) (holding that "[a]lthough Georgia's new Evidence Code is applicable to the trial of this case, the evidentiary requirements relating to the admissibility of expert opinion testimony in a criminal case under the new Evidence Code (OCGA § 24-7-707) are nearly identical to those that applied under the former Evidence Code (OCGA § 24-9-67). Accordingly, it is appropriate to rely, as we do in this case, on decisions under the old Code.").

of expertise, then, is not necessary, "provided the witness possesses the qualifications of such area of expertise through skill and experience."[14] And here, the State easily satisfied this standard through Walker's testimony at trial. Nevertheless, Patel complains that no witnesses testified as to his intent to sell the marijuana and that his conviction was based solely on circumstantial evidence.[15] This argument is a nonstarter. The circumstantial evidence presented by the State below—especially when viewed in the light most favorable to the jury's verdict—linked Patel's

---

[14] *Cotton*, 300 Ga. App. at 877 (punctuation omitted); *accord Maldonado v. State*, 325 Ga. App. 41, 50 (5) (752 SE2d 112) (2013); *Ashley*, 316 Ga. App. at 31 (2); *see also Brown v. State*, 245 Ga. 588, 590 (266 SE2d 198) (1980) ("To qualify as an expert . . . generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study. Formal Education in the subject at hand is not a prerequisite for expert status.") (cleaned up).

[15] In his appellate brief, Patel primarily relies on *Parris*, *see supra* notes 9 & 10, to support his argument that the State's circumstantial evidence was insufficient to establish his intent to distribute the drugs. But significantly, in *Parris*, the State failed to present *any* expert testimony that the amount of marijuana in the defendant's possession or its packaging was indicative of distribution. *See* 226 Ga. App. at 856. As a result, the State was unable to exclude every reasonable hypothesis except the defendant's guilt, such as the credible theory that the defendant was in possession of the drugs for personal use. *Id*. Here, in contrast, Walker—a certified K-9 handler and someone with extensive experience dealing with marijuana cases—testified that the amount of marijuana in Patel's possession was *not* consistent with personal use, and as noted *supra*, the fact that the marijuana was separated into several packages is one factor, among others, suggesting the defendant's intent to distribute.

8

possession of the marijuana to "the enterprise of sale"[16] and authorized the jury to reject a hypothesis that the marijuana was for personal use, rather than distribution.[17]

For all these reasons, we affirm Patel's convictions.

*Judgment affirmed. Gobeil and Hodges, JJ., concur.*

---

[16] *James*, 214 Ga. App. at 764.

[17] *See Flemister v. State*, 317 Ga. App. 749, 752-53 (1) (732 SE2d 810) (2012) (holding that there was sufficient evidence to support a conviction for possession of marijuana with intent to distribute when the drugs were packaged into separate baggies, and a police lieutenant testified that, based on his training and experience, the baggies were the type commonly used for packaging marijuana for distribution); *Jackson*, 314 Ga. App. at 275-76 (1) (c) (holding that evidence was sufficient to support a conviction for possession of marijuana with intent to distribute when, *inter alia*, the defendant was observed handling "lots" of marijuana (*i.e.*, 26.45 ounces) packaged into three individual bags with a street value of over $1,000); *Bacon*, 225 Ga. App. at 327-30 (affirming a conviction for possession of cocaine with intent to distribute when, *inter alia*, two law-enforcement officers, who were not formally tendered as experts, provided expert testimony, based on their experience, that the amount of cocaine in the defendant's possession was consistent with distribution and extremely unusual for personal use, and "[t]he large amount of cocaine involved, 9.8 grams, is itself evidence of intent to distribute").